In this case, I have adopted suit no. 17-0953. Kelly v. Zuerner, Lincoln v. Gottschalk, and Hayden v. Zuerner, defendants and counts. I bring on behalf of the defendants and counts, Brent M. Christensen. I bring on behalf of the defendant nominee, Mr. Adam M. Esau. Thank you, Mr. Christensen. May it please the Court, Counsel, good morning, Your Honor. Good morning. My name is Brent Christensen on behalf of the appellant. If I may begin where I left off in my authorities in the brief, and that's with Lake Environmental v. Arnold. It's a 2015 case that came out of the Fifth District and went up to the Illinois Supreme Court. And the issue, really, in all of these Rule 137 cases is whether or not the record supports the decision. Lake Environmental v. Arnold, the Court kind of went out of its way to say, don't pay so much attention to what the circuit court said its reasoning was in denying a motion for sanctions. Pay more attention to whether or not there's any support in the record for it. And what I'm suggesting to this Court is that the record in this case supports the proposition that no reasonable circuit judge would have denied a motion for sanctions. Now, it's not any record we're talking about. We're talking about the specific record in this case. Well, Counsel, so in looking at that, a motion for sanctions, we know, must meet minimum requirements of specificity. And if we look at the record here, specifically if we look at the pleading, there are broad conclusory statements but not specifics. And indeed, much of the pleading is qualified by the phrase upon information and belief. So how does this petition for sanctions meet the specificity requirements? Well, there's a limit to the specificity when we're talking about a litigant like my client, Janine Zerner, who had no business being in this case. In other words, the problem with the lack of specificity in the motion for sanctions is similar to the difficulty one might have in proving a negative. We can't do it. The motion for sanctions has to be looked at in the context of what it's complaining about. And what it's complaining about is the initial complaint of the appellee. And when we talk about a lack of specificity, that is really where it begins. There's nothing in there. The circuit court even talked about, I think in the record, report and proceedings, Judge Souter said, well, I'm not sure how Janine fits into all of this. And so in the motion for sanctions, or in this motion for sanctions, the appellant was kind of left with, hey, there was no basis for this. I think this must be a frivolous pleading as to me. And so I think based on what we were complaining about, that kind of answers the fact that we weren't as specific because, well, I just said it. I hope that answers your question. In any case, this takes me back, though, to one of the things in the common law record that you can look at. Let's look at the complaint. Judge Souter granted, he didn't really grant a motion, a 2615 motion, because upon presentment of the 2615 motion to dismiss, Judge Souter jumped right in and addressed counsel for the appellant, whether he'd like to file an amended complaint. And so presumably that suggested Judge Souter was not going to, or was certainly going to grant the 2615 motion to dismiss. Judge Souter, and even though Lake Environmental versus Arnold talks about, let's not pay too much attention to the reasons the circuit court gives, the court in Lake Environmental doesn't say ignore what the circuit court says. And so if we're looking at what the circuit court was thinking about, you have to look at what Judge Souter asked with respect, was pointed out with respect to the defects in the complaint that is complained of here. And that was, Judge Souter said, I'm not sure how Janine fits into all of this. There's no specific allegations. And then following that, there was an amended complaint filed, the day after which there was a motion to not sue filed. And then what followed was the motion for sanctions. Sanctions, a request for sanctions and the granting of sanctions, is not simply a reflection of an inconvenience or a dissatisfaction, as it were. I mean, as you're talking here, it seems like you're saying Judge Souter felt inconvenienced by this because he didn't have specifics. And maybe your ability to respond was likewise, you were inconvenienced. That's not what sanctions are about. Sanctions are about a failure of a party to properly investigate or to properly plead. So where was the failure to properly investigate this claim? There wasn't a failure to properly investigate. What we suggested that the appellant certainly well knew. Why do you keep buying the appellant? Isn't he the appellate? I apologize. You're the appellant. Yes, Judge. I misspoke. I apologize to the court. The appellate, we're not suggesting that the appellate didn't investigate. We're suggesting in our motion for sanctions that the appellate filed the complaint and included Janine Zerner as a co-party specifically to harass and cause her problems. There was no basis for the appellate to have pled. And, in fact, the appellate did not plead in the original complaint that Janine Zerner had anything to do with getting Linda Gottschalk, the mother, to write this letter, this allegedly defamatory letter to the appellate's employer. So we're not suggesting there was a failure. We're suggesting that the appellant well knew what she was doing by filing this complaint. And that was, to go back to what Judge Souter was talking about, hey, this is a divorce case. I don't think it rises to the level of sanctions. And I don't know if that answers Your Honor's question. Thank you. But I will continue with that thought. Judge Souter, in denying the motion, indicated that, well, this doesn't rise to the level of Rule 137 sanctions or something to that effect. And what is suggested by that ruling is kind of the fact that the circuit court is ignoring that there's a kind of a two-part question. First, whether or not should sanctions be levied. Second of all, what should the sanction be? And so what we were talking about in the motion for sanctions is this was a frivolous plea as to Janine Zerner. And since it was a frivolous plea, it's either a zero or a one. The light switch is either on or off. There isn't a level of frivolousness to pleadings that's in Rule 137. So it's one thing for the trial court to say, well, you know, perhaps this was frivolous, but it was a divorce case. And so, you know, a sanction could be as limited to just a tongue thrashing from the bench. Well, what about instead of saying it's frivolous, it's not frivolous because it's a divorce case, what about saying this isn't intuperative because it's a divorce case? In other words, I was a trial judge for, I think, seven years, and I spent time in divorce and dissolution. And it was one of the most combative, confrontational, unfriendly, sometimes frivolous, sometimes not, location in the courthouse where I didn't want to involve myself in. And so when Judge Souter says this is a divorce proceeding, to me, he is intimating, if not declaring, that this is more in the nature of standard operating procedure, and it doesn't set off alarms, raise red flags when it comes to the level of litigious confrontation, because it is a divorce. Is there, is it improper or incorrect to relate to the forum? I know you cited to the environmental case. That wasn't a divorce, was it? No. Do you have, have you cited to any divorce cases where there might be a benchmark to let us know what the threshold is in so far as calling someone a derogatory name or worse? No, I haven't cited to that. However, Your Honor, what I can tell you is that the issue here, it wasn't a divorce case. It would be one thing if within the actual divorce case, when people are fighting over a Simon Garfunkel record or who gets the China cabinet, but that's not what we're talking about here. We're talking about Kelly Zerner, who's not even a litigant in the divorce case. Kelly Zerner is the second wife. Kelly Zerner, after the divorce case is finished, files a completely separate action. That's why when you... There were no post-judgment proceedings going on in the divorce case during this period of time? Oh, there were post-judgment proceedings going on, there's no question, but Kelly Zerner was never a party. Her husband was. Her husband was. And that doesn't make her a party? I mean, not legally, but that doesn't make her interested in that litigation? Well, I agree. She was interested, but she can't be so interested as to say, oh, and by the way, let me file this complaint talking about a defamatory letter and let's leave off the date that it was sent because that would tip off the other side that they had an affirmative defense based on statute of limitations. So I hope that answers your question. Well, now that may in fact be an issue that should be discussed, but even that did not apparently impress Judge Souter in that it was an intentional action or an inappropriate action because I think he says something like, arguably the letter could have been per se, but we don't have a date, so we have some things, and he said, let me speculate a little. He was trying to make some sense out of this litigation, and as Justice McLaren has indicated, this does sound like a divorce case in a law courtroom because this is what happens in those cases, but that does not justify what happened, nor does it prove that sanctions should have been issued. Do you want to respond to Justice Hutchinson before I ask the question? Yes, please. Because of the way the motion for sanctions was treated, we're not talking about a long procedural history upon which Judge Souter was able to gauge what was beyond the pedal and what was not. That's fine. Of what relevance, if any, what helped to us is the fact that the amended complaint did not name Jameen? I think it's circumstantially relevant because, again, although the brief of the appellant certainly says, well, we should have gotten sanctions, I think based on this record, really what this Court should conclude is there's not enough in the record for the circuit court to have denied the motion for sanctions. If anything, there was more in the record to grant it, but even then I can't stand before Your Honors and suggest that it was a slam dunk for sanctions. What I'm suggesting is that Judge Souter jumped quickly to a conclusion that this was a divorce case and that we had the second spouse involved. It seems to me that the purpose of Rule 137 is to give counsel in a divorce case, a co-counsel in a divorce case, reason to rethink whether we want to widen the war beyond the divorce division into the law division. Now, so based on all of that. You can finish. Based on all of that, it's our contention that this Court should probably remand this case back to the circuit court in order to make the record more complete to determine whether or not sanctions should have been issued. Okay. Thank you. You'll have an opportunity to make rebuttal. Yes. Thank you, Your Honor. Mr. Salt, is that how you pronounce it? Salt, yes, just like salt and pepper. Well, it looks like Salt St. Marie. When I cross over to Michigan, I become Adam Sue for the Sue St. Marie. But before Your Honor, I'm Adam Salt. If it pleases the Court, counsel, I believe we're right on target. This deals with whether or not the record supports Judge Souter's decision or it doesn't. Now, what we have here, and I think, Justice, you had mentioned, Judge Souter, when he was opining from the bench, basically said, this may be a divorce case, but I find nothing that warrants sanctions here. Counsel correctly cited like Environmental v. Arnold for the proposition that you can look at any basis in the record to support the denial of sanctions. There is no requirement any longer, at least in this district, because the Supreme Court has decided that the denial of a motion for sanctions needs to be particularly laid out. So, in other words, the record is very sparse. We have all of 45 pages of the entire record, of which we have a pleading. Well, until the motion for sanctions, we had about four months' worth of litigation, correct? Correct, and in that four months, there was very little activity. In other words, there was a complaint that was filed. There was a presentment date for counsel's motion. At that time, the complaint was withdrawn, and an amendment complaint had been filed. So it wasn't the situation on some of the cases that obviously come before you on sanctions, where there's multiple pleadings, there's discovery depositions, there's factual support or counterfactual support to a pleading. So what we have here is a complaint that is sent in what counsel had characterized as an arguably defamatory letter, sent by, for all intents and purposes, a complete stranger to Kelly Zerner. Ms. Gottschalk lives in Indiana. Kelly Zerner lives in Downers Grove. How would the parties ever have a nexus of connection, except for Kelly Zerner's husband, current husband, who is in a bitter, contentious battle with the ex-wife, with his ex-wife, relating to custody issues that are particularly an issue? But the nexus becomes clear as to how does Kelly Zerner in Illinois get to Linda Gottschalk in Indiana? And the only logical basis to conclude that is that Janine Zerner has some basis of connection. Now, what Judge Souter had said at the presentment of the initial complaint is, Mr. Saul, they don't see how Janine is involved here. That point is well taken. We don't have enough factual instances in the record to look back and say, well, we're going to amend it or we're going to do some discovery, so therefore we can do a one-to-one analysis. But what you conclude is that Judge Souter did take into account upon the motion and upon the hearing that counsel was afforded that Judge Souter could have determined that Janine Zerner had some involvement. Now, we didn't replete the case in the amended pleading. There was nothing relating to Janine. But that doesn't mean for the purposes of imposing 137 sanctions. The mere fact that she disappears in the amended complaint insofacto means that she was never involved. Well, but doesn't that go to perhaps a motive that your client may have had in including her in the first complaint? Certainly that was his contention. The problem is there's no factual support. We just don't collaborate. I wasn't in a position to know how he would have known, A, that the school board, for example, had received a letter. There was no affidavit attached. Linda didn't state under oath that she sent the letter. His client's contention is, well, Janine, in the oral argument, it was positive that, well, when Janine learned that her mother sent this letter, she was like, she was very upset about that. Well, that doesn't necessarily conclude that she wasn't involved. That's just his speculation and his conjecture as to what Janine's state of mind was when she learned of the letter. Well, then why should this be remanded for a hearing? Well, Judge, simply, the 137 sanctions, as your Honor had indicated, there's a high bar of pleading. There has to be some factual basis that the specific allegations in the complaint were not supported. Now, he makes a broad allegation that said the appellee and myself could have never have believed that Janine was involved. Now, that's a step too far. There's no support for that position. I would agree if there was no factual basis to believe that Janine ever could have been involved. 137 sanctions could have been awarded and likely could, you know, the judge could take that into consideration. But that's not the inquiry. It's that did Judge Souter take into account the entire record, which he basically said that he did, make the inferences from the pleadings and the positions of the parties, and still taking all that into consideration, deny a motion for sanctions? I point to you in my brief. I didn't go into a detailed factual analysis, but there's technology, innovation, either centers, solutions. And in that case, it was a First District case, and I think it's illustrative. It had an initial pleading and then a subsequent pleading. It started as a commercial forcible entry. The facts were that the plaintiff had filed a forcible entry, the second amended complaint of which contained a statement that the defendant was served on a particular date, thus invoking jurisdiction. Through extensive factual discovery, it was determined that that was an incorrect statement. There could have been no basis, in fact, for believing that. The case dragged on for seven years past the initial pleading, only for the purposes of determining sanctions. The judge had reopened discovery, had engaged in multiple factual hearings, evidentiary hearings. The defendant had submitted offers of proof. And the judge said, without reaching that particular fact, that that was an incorrect fact and counsel shouldn't have alleged that in his amended complaint. We think the judge, we didn't find an abuse of discretion because the judge stated that he reviewed the factual record and in light of the entire factual record, he didn't feel that sanctions were appropriate. Now this, we have a small microcosm of that, which is a very short amount of time, a very short amount of pleadings. But the judge took stock of what I had said in my pleading. He took stock of the status of the parties and that they were engaged in a contentious ancillary proceedings, I should say, because my client was not involved. She was not a party in the divorce case. But there was a divorce case in the background. In light of the parties' relationship to each other and in light of the pleadings, and in light of the withdrawal, quite frankly, you can see that the pleadings were promptly withdrawn, he didn't feel that it raised to the level of sanctions. Now it can't be said that it's an abuse of discretion. He had the ability, he presumably had all of this before him and could have weighed whether or not he believed in this particular instance, and it is a factual determination, that it would have warranted sanctions or not. We just see nothing in the record as to a particular fact that is positive for it to say, this was incorrect and here's why. Now certainly counsel could have filed a 619 motion with respect to the statutory limitations of the letter, but we don't have that before. We don't have that in the record. All we have is basically as part of the motion for sanctions saying, well, you should have known. You should have known. But what about the fact that there was no date on this letter? Well, I think that that was a question of fact. Since it wasn't sent to, it's not addressed to Kelly Zirner, it's addressed to the school board, and certainly is addressed by a non-resident of Illinois. There appears to be a close period in time where, you know, if she would have received the letter, it would have been through her school district. Now, we didn't allege or there's nothing in the record to say when the school district informed Kelly as to the letter. So it's unclear as to how they can allege that it should have been made aware to Kelly as of the date that she sent it. It doesn't even say that she sent it on that date. It just says she was made aware. Well, it's hard to take that allegation as true for the purposes of 137 sanctions because there's just no verification. It's signed by counsel for the reasons I mentioned in my brief. And simply for the purposes of 137 sanctions, you just have to have more. He had the opportunity to present his testimony, to present his hearing. And like I had stated in my motion, he begins by speculating. Now, certainly when you're reviewing this to either send it back to the trial court or find an independent basis to review, you'll have to take into account the speculation. If there's no facts adduced, Judge Souter would have been in a position to see the rest of the record. So you can count the 137 sanctions as general allegations, but they're not specific factual allegations. I think the burden is much higher. And, in fact, the case law is replete with the fact that you need to be more specific. I don't need to use the rest of my time. I'll just simply wrap up my arguments. I think that Judge Souter was well within his discretion to deny the motion for 137 sanctions. We don't think that there's any additional supplementation to the record. The case is dismissed. There's nothing pending before Judge Souter on this matter. And, again, if it is a divorce and that is the characterization, it should go away. All the parties should essentially, and that's what Judge Souter said. He said these parties should essentially stop litigating, and I agree with him. And I'll reserve the rest of my time for counsel's rebuttal if you'd like to use that. Thank you. Thank you. Mr. Christensen. With respect to Justice Hutchinson's characterization, and it's a fair characterization because the complaint was filed in July of last year, and it was concluded, our motion for sanctions concluded in October of last year, so that is four calendar months. But let me be clear that it wasn't four months of litigation back and forth. We had a complaint that was filed by the plaintiff appellate. Before the answer was even due, my clients filed their 2615 motion to dismiss and notice that motion up before there was even the first calendar date. The record is clear that Judge Souter then essentially granted that motion. There was time given for the appellate's counsel to file an amended complaint. That date came and went. My clients then filed a motion for dismissal to warrant the prosecution. Then several days after that motion, an amended complaint was filed, and the day after the amended complaint was filed, the motion to non-suit was filed. How is all of that relevant, counsel, to what we have to decide today? I think it goes to what Lake Environmental was talking about, was this just giant record where the trial judge was very familiar with all the things that were in play. That's not the case here. The record here is just these complaints from the plaintiff, a 2615 motion, and nothing from the appellate, nothing in response to the motion for sanction. Zero, zero argument. So based on that record alone, it seems inconceivable that a trial court or any reasonable trial judge would have denied the motion for sanctions. That's all I have. Thank you. Thank you. The case will be taken under advisement. The court will recess.